## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHILLIP A. WATTS**                                        **CIVIL ACTION**

**VERSUS**                                                        **NO.  12-2264**

**ROBERT TANNER, CCE, WARDEN,**                    **SECTION "I"(4)**
**CRIMINAL DISTRICT COURT**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant

to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section**

**2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be

disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual and Procedural Background

The petitioner, Phillip A. Watts ("Watts"), is a convicted prisoner incarcerated in the B.B.

"Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On October 26, 2004, Watts was

indicted by a Grand Jury in St. Tammany Parish on three (3) counts of aggravated rape occurring

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

on April 1, 1994, June 30, 1995, and May 28, 1998, respectively.[3]  Watts entered a plea of not guilty to the charges on December 8, 2004.[4]

After due proceedings, the Trial Court found that Watts was not competent to proceed to trial and ordered that Watts be confined in the Eastern Louisiana Mental Hospital System, Forensic Division.[5]  After mental health treatment and several follow-up hearings, on November 16, 2007, the Court found Watts to be competent to proceed with trial.[6]

On November 13, 2009, the State amended the indictment to charge Watts with three counts of forcible rape.  Watts then entered a plea of guilty to the amended indictment.[7]  After waiver of legal delays, the Court sentenced him to serve thirty-two (32) years in prison at hard labor on each count concurrently, with the first two (2) years of each sentence to be served without benefit of parole, probation, or suspension of sentence.[8]

Watt's conviction and sentence became final thirty (30) days later, on Monday, December 14, 2009,[9] because he did not seek reconsideration or move for leave to appeal.[10]  La. Code Crim.

---

[3]St. Rec. Vol. 1 of 3, Indictment, 10/26/04; St. Rec. Vol. 3 of 3, Minutes of Grand Jury Return, 10/26/04.

[4]St. Rec. Vol. 3 of 3, Minute Entry, 12/8/04.

[5]St. Rec. Vol. 3 of 3, Hearing Minutes, 1/31/2006; Minute Entry, 10/7/05.

[6]St. Rec. Vol. 3 of 3, Hearing Minutes, 11/16/07; Minute Entry, 5/9/06; Hearing Minutes, 5/2/07; Hearing Minutes, 6/13/07; Hearing Minutes, 8/21/07; St. Rec. Vol. 1 of 3, Motion to Reconsider, 3/21/06; Order of Pretrial Commitment, 3/31/06.

[7]St. Rec. Vol. 1 of 3, Indictment, 10/26/04 (amended 11/13/09); St. Rec. Vol. 3 of 3, Plea Minutes, 11/13/09.

[8]St. Rec. Vol. 3 of 3, Plea Minutes, 11/13/09; St. Rec. Vol. 2 of 9, Plea Transcript, 11/13/09.

[9]The thirtieth day was Sunday, December 13, 2009.  The deadline fell to the next business day, Monday, December 14, 2009.  La. Code Crim. P. art. 13 (weekends and holidays excluded as last day in time calculation).

[10]Under Louisiana law, a guilty plea acts to waive all non-jurisdictional defects in the proceedings before the plea and precludes review of the defects either by appeal or on post-conviction review.  *State v. Crosby*, 338 So.2d 584, 588 (La. 1976).  Where grounds do exist, a criminal defendant can move for leave to appeal within thirty (30) days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence.  La. Code Crim.

P. art. 914; *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).

On March 11, 2011, Watts submitted an application for post-conviction relief to the state trial court raising three (3) grounds:[11] (1) ineffective assistance of counsel when he failed to investigate, consult a mental health expert, obtain records from the mental health facility, initiate a sanity hearing, defend against the State's intent to use other bad acts, and make an informed decision about the tender of a guilty plea; (2) the Trial Court erred in accepting the guilty plea without a showing that it was voluntarily and intelligently made when the petitioner did not admit the underlying facts and entered the plea while professing his innocence and counsel failed to interview favorable witnesses and test the evidence; and (3) the state courts erred in denying his requests for production of his records from the mental health forensic facility and the police reports, and the state courts erred in failing to appoint a sanity commission and conduct a sanity hearing.

On June 23, 2011, the Trial Court dismissed Watts's application finding no merit in the claims raised.[12]   The Louisiana First Circuit denied Watts's subsequent writ applications on

---

P. art. 914 (amended La. Acts 2003, No. 949, § 1).  Petitioner did not move for appeal under Article 914 which rendered the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[11]St. Rec. Vol. 2 of 3, Uniform Application for Post-Conviction Relief, 3/15/11 (dated 3/11/11).  The State asserts that Watts's application was submitted for filing on November 3, 2011, a clear misreading of the date next to Watts's signature, where he was asked to state the day, month and year, in that order.  The State's proposed date is rendered absurd based on the March 15, 2011, filing date and the fact that the state trial court denied the application on June 23, 2011, which would have been five months before the State claims the application was submitted.

[12]St. Rec. Vol. 2 of 3, Reasons for Judgment, 6/23/11; Judgment, 6/23/11.

September 14, 2011, without stated reasons.[13]  The Louisiana Supreme Court also denied Watts's related writ application on May 25, 2012, without stated reasons.[14]

## II.    **Federal Petition**

On September 28, 2012, the clerk of this Court filed Watts's petition for federal habeas corpus relief, in which he raised the following grounds for relief:[15] (1) counsel was ineffective when he failed to investigate, solicit a mental health expert, obtain records from the mental health facility, initiate a sanity hearing, defend against the State's intended use of other bad acts, and make an informed decision about the tender of a guilty plea; (2) the Trial Court erred in accepting the guilty plea without a showing that it was voluntarily and intelligently made when there was not admittance to the underlying facts, counsel failed to interview favorable witnesses and test the evidence, and petitioner entered the plea of guilty while professing his innocence; and (3) the state courts erred in denying his requests for production of his records from the forensic mental health facility and the police reports, and in failing to appoint a sanity commission and conduct a sanity hearing.

The State filed an answer and memorandum in opposition to Watts's petition conceding exhaustion and arguing that the petition was not timely filed.[16]  Alternatively, the State contends that Watts's claims are without merit or fail to raise a federal issue.

---

[13]St. Rec. Vol. 3 of 3, 1st Cir. Order, 2011-KW-1334, 9/14/11; 1st Cir. Order, 2011-KW-1335, 9/14/11; St. Rec. Suppl. Vol. 1 of 1, 1st Cir. Writ Application, 2011-KW-1334, 7/21/11 (dated 7/20/11); 1st Cir. Writ Application, 2011-KW-1335, 7/21/11.  Watts filed two writ applications challenging the Trial Court's denial of the application for post-conviction relief and separately addressing the third claim regarding the denial of his requests for documents.

[14]*State ex rel. Watts v. State*, 89 So.3d 1205, 1205 (La. 2012); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2011-KH-2116, 5/25/12; La. S. Ct. Writ Application, 11-KH-2116, 9/28/11 (postmarked 9/26/11, dated 9/25/11); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2011-KH-2116, 9/28/11 (showing postal meter of 9/26/11).

[15]Rec. Doc. No. 3, pp. 10-11.

[16]Rec. Doc. Nos. 10, 11, 13.

### III.  **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[17] applies to this petition, which is deemed filed in this court under the federal mailbox rule on August 25, 2012.[18]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)); *see also Day v. McDonough*, 547 U.S. 198, 205 (2006) (recognizing the AEDPA's statute of limitations as a threshold determination).

The State argues that Watts's federal petition was not timely filed.  For the following reasons, the Court finds that Watts's petition was not timely filed and should be dismissed for that reason.

---

[17]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[18]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Watts's federal habeas petition on September 28, 2012, when pauper status was granted. Watts signed the form petition and memorandum in support on August 25, 2012. This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing.

**IV.**   **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[19]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  Watts's conviction was final on December 14, 2009, which was thirty (30) days after he pleaded guilty and was sentenced. Under the plain language of § 2244, Watts had one year, or until December 14, 2010, to file a timely federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Watts's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v.*

---

[19]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

*Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, Watts's conviction was final on December 14, 2009.  The AEDPA filing period began to run the next day, on December 15, 2009, and did so uninterrupted for 365 days, until

December 14, 2010, when it expired. Watts had no properly filed state post-conviction or other collateral review pending during that time period and thus has no basis for statutory tolling.

The Court recognizes that, during that time period, Watts made several requests for copies of his plea transcript, other record documents, police reports, and his own forensic mental health records. The record indicates that he requested and was in fact provided with a copy of his plea transcript, the court minutes, and the indictment on January 29, 2010, eleven (11) months before the AEDPA filing period expired and fourteen (14) months before he filed his state application for post-conviction relief.[20]

Nevertheless, Watts is not entitled to any tolling (statutory or equitable) for the filing of motions to obtain these documents. It is well settled that requests for document and transcript copies are not applications for post-conviction relief or other collateral review for purposes of the tolling calculation. *Mack v. Falk*, No. 12-1303, 2013 WL 410444, at *1 (10th Cir. Feb. 4, 2013) (request for transcript is not an application for post-conviction or other collateral review); *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes and did not act as a state impediment to warrant equitable tolling); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) (motion for production of documents and free copies did not toll the AEDPA filing period); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000) (Berrigan, J.), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Irving v. 21st Dist. Ct.*, No. 09-2777, 2009 WL 2883034, at *6 (E.D. La.) (Africk, J.) (Order adopting Report and Recommendation); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at

---

[20]St. Rec. Vol. 2 of 3, Motion for Production of Documents, 1/13/10 (dated 1/11/10); Letter from Clerk, 1/29/10.

*3 (N.D. Tex. Aug. 13, 2001) (petitioner should file post-conviction application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *see also Gonzales v. Wilkinson*, 269 F. App'x 481, 485-86 (5th Cir. 2008) (declining to apply statutory or equitable tolling for period during which petitioner awaited copy of plea transcript where underlying motion to reconsider sentence was not properly filed).

Furthermore, the state courts' denial of Watts's document requests were based on Watts's failure to show a particularized need or entitlement to the copies, because he did not already have a properly filed post-conviction application in the state courts.[21]   Without a properly filed application, the document requests offered no tolling.  *Cf. Gonzales*, 269 F. App'x at 485-86.  Watts has not provided any basis for the Court to toll the AEDPA filing period based on his document requests.

For these same reasons, Watts has not demonstrated his entitlement to equitable tolling in this case.  The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

---

[21]*See, e.g.*, St. Rec. Vol. 2 of 3, 1st Cir. Order, 2010-KW-1944, 1/6/11.

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Watts has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under any prong of the § 2244(d) computation.  His continued pursuit of document copies to which he was not entitled, coupled with the fact that he was

provided copies of his plea transcript and other record documents in January of 2010, does not indicate that an extraordinary circumstance existed that would entitle him to equitable tolling.

Thus, the record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above.  The record also does not support a finding that Watts was diligent in his efforts to timely pursue relief on his current claims.

His federal petition is deemed filed in this Court on August 25, 2012, which was over twenty (20) months after the AEDPA filing period expired on December 14, 2010.  His petition must be dismissed for that reason.

## V.     Recommendation

It is therefore **RECOMMENDED** that Phillip A. Watts's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[22]

New Orleans, Louisiana, this 31st day of May, 2013.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[22]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

11